** Summary **
AUTHORITY TO POLLUTION CONTROL COORDINATING BOARD AND DEPARTMENT OF POLLUTION CONTROL The Pollution Control Coordinating Board is authorized to receive and disburse federal funds appropriated pursuant to the Federal Water Pollution Control Act. The Department of Pollution Control does not qualify as the single state agency charged with the responsibility for enforcement of state laws for the abatement of water pollution. The Attorney General has considered your letter of April 17, 1972, wherein you ask the following questions: 1. Does 82 O.S. 934 [82-934](k) (1971) authorize the Pollution Control Coordinating Board to receive and disburse federal funds appropriated pursuant to Section 7 of the Federal Water Pollution Control Act? 2. Does the Department of Pollution Control qualify as the single state agency charged with the responsibility for enforcement of state laws for the abatement of water pollution as set out in the Federal Water Pollution Control Act? In 1971, the Oklahoma Legislature amended Section 934 to read, as follows: "The Board is hereby vested with the following powers and duties: . . . (k) to accept funds and grants from private and governmental sources, subject to the provisions of this act, and serve as the recipient of federal funds disbursed pursuant to the Federal Water Pollution Control Act and the Federal Environmental Protection Act. Provided that the State Department of Health is authorized to continue to be the recipient of federal funds to administer the construction grants program for municipal treatment works." Your question asks specifically whether the Pollution Control Coordinating Board is authorized to receive and disburse funds received under Section 7 of the Federal Water Pollution Control Act, 33 U.S.C.A. 466 et seq. Section 7
of the Federal Act provides for grants in aid for establishment of State pollution control programs, and reads in 466(d), in pertinent part: "(a) There are authorized to be appropriated . . . grants to States and to interstate agencies to assist them in meeting the costs of establishing and maintaining adequate measures for the prevention and control of water pollution, including the training of personnel of public agencies. . . . "(f) The Secretary shall approve any plan for the prevention and control of water pollution which is submitted by the State water pollution control agency or, in the case of an interstate agency, by such agency . . ." (Emphasis added) It appears that Section 7 of the Federal Act embraces all water pollution control programs to be administered by the State, excepting construction grant programs. Section 7 contemplates that the "State Water Pollution Control Agency" designated by the State is to apply for and receive such federal grants. The question at hand emanates out of a 1971 amendment to the Pollution Control Coordinating Board Act of 1968. Title 82 O.S. 934 [82-934](h) (1968) which was effective prior to the 1971 amendment provided for Section 7 monies to be received and disbursed by the State Department of Health. The terms of 82 O.S. 934 [82-934](h) (1968) provided specifically: "The Board is hereby vested with the following powers and duties: . . . (h) to accept funds and grants from private governmental sources, subject to the provisions of this act. Provided that the State Department of Health is authorized to continue to be the recipient of federal funds authorized in Section 7 of the Federal Water Pollution Control Act to administer the construction grants program for municipal treatment works and other authorized current program activities; and provided further that all State agencies will continue to be eligible for federal funds now available or that may become available under the Federal Water Pollution Control Act and other sources." (Emphasis added) It is clear that the 1971 amendment to Section 934 supersedes Section 934(h) which authorized the State Department of Health to apply for Section 7 monies. Therefore, the later legislative expression authorizing the Department of Pollution Control to be the primary recipient of federal funds disbursed pursuant to the Federal Water Pollution Control Act is controlling. Further evidence that the 1971 amendment to Section 934 supplants the State Department of Health with the Department of Pollution Control as the designated recipient for federal funds is found in the exception to 82 O.S. 934 [82-934](k). Subsection (k) specifically authorizes the State Department of Health to continue as the recipient of federal funds to administer the "Construction Grants Program for municipal treatment works." This interpretation is also buttressed by the fact that all references to Section 7 monies of the Federal Water Pollution Control Act are deleted from the 1971 amendment. In your second question you ask whether the Department of Pollution Control is the single state agency charged with the responsibility for enforcement of state laws for the abatement of water pollution. The Federal Water Pollution Control Act in Section 23 defines "State Water Pollution Control Agency" as follows: "The term 'State water pollution control agency' means the State health authority, except that, in the case of any State in which there is a single State agency, other than the State health authority, charged with the responsibility for enforcing State laws relating to the abatement of water pollution, it means such other State agency." The powers and duties of the Pollution Control Coordinating Board are enumerated in 82 O.S. 934 [82-934] (1971), which provides in pertinent part: "(a) To co-ordinate . . . state agencies . . . in the prevention and abatement of environmental pollution as necessary to carry out the purposes and content of this act; "(b) To compel the appropriate state agency having jurisdiction to investigate any reported, suspected, or potential pollution and reported findings of actions to the boards; "(c) To act on its own initiative as provided in Section 936 of this title, to prevent or abate any pollution of the environment of the state at any time the Board finds, . . . that the agency having jurisdiction over such pollution has failed, refused or neglected to take action to abate or prevent such pollution . . . or to take action when requested in writing to do so by the agency or agencies affected;" Title 82 O.S. 932.2 [82-932.2](4) (1971) delineates the responsibilities of the Department of Pollution Control by stating: "(b) It shall be the duty of the Director to: . . . "(4) Coordinate all pollution control programs of the state carried on by all state agencies." Although it appears the Department of Pollution Control and the Pollution Control Coordinating Board have extensive powers with regard to pollution control, it is clear that the initial responsibility for the abatement of water pollution lies primarily with the individual member agencies. Title 82 O.S. 933 [82-933] (1971) provides that the responsibilities and powers of the member agencies of the Pollution Control Coordinating Board are not to be derogated by the Department of Pollution Control or the Pollution Control Coordinating Board. That section reads: "To establish an effective, coordinated environmental control program in the Department of Pollution Control and to utilize existing resources and facilities in the several state agencies which have environmental control responsibilities and powers under existing statutes, including but not limited to control of water pollution, air pollution, solid waste disposal and littering, the environmental control responsibilities of the state agencies represented by the respective membership of the Board shall remain as provided by law and this act shall not be construed as modifying or lessening any requirements, authority for responsibility of an agency of the state in the discharge of its duties as prescribed by law for preventing or controlling pollution; provided, however, that a copy of all rules, regulations and orders promulgated by these state agencies on such matters, issues and areas covered by this act shall be filed with the Pollution Control Coordinating Board. "It shall be the duty of all departments, officers, agencies and employees of the state to cooperate with the Pollution Control Coordinating Board and the Department of Pollution Control in carrying out their respective functions." (Emphasis added) The Department of Pollution Control shall not modify or lessen the responsibilities or duties of the participating member agencies. Consequently, the Department of Pollution Control cannot be considered the single state agency responsible for the enforcement of state law for the abatement of water pollution; each member agency retains primary responsibility under prior statutes. Therefore, it is the opinion of the Attorney General that your first question be answered in the affirmative; the Pollution Control Coordinating Board is authorized to receive and disburse federal funds appropriated pursuant to the Federal Water Pollution Control Act. Your second question, however, must be answered in the negative. The Department of Pollution Control does not qualify as the single state agency charged with the responsibility for enforcement of state laws for the abatement of water pollution. (Michael D. Tinney)